## Lyons's and Smith's Election.

*Election law—Exceptions to report of examiner—Review.*

The Supreme Court will not reverse an order of the quarter sessions, dismissing exceptions to the report of an examiner in an election contest, and refusing a petition that the report should be recommitted to the examiner, where it appears that the decree is sustained by the facts as found, and that the investigation before the examiner covered the matters alleged as a ground for recommittal.

Argued April 16, 1901. Appeal, No. 27, Jan. T., 1901, by Peter E. Lyons and William Smith, from order of Q. S. Lu-

zerne Co., Jan. T., 1899, No. 461, dismissing exceptions to examiner's report in an election contest in In re Contested Election of Peter E. Lyons and William Smith for the office of School Directors in Wilkes-Barre Township. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Exceptions to examiner's report in contested election.

From the record it appeared that at an election held on February 21, 1899, Peter E. Lyons and William Smith were duly returned as elected school directors over and above Thomas McAndrew and John Brogan, their opponents. On March 17, 1899, a petition was presented controverting the election of Lyons and Smith. P. H. Campbell, Esq., was appointed examiner. The examiner filed a preliminary report in which he found that a sufficient number of the illegal votes had been cast to change the declared result. This report having been confirmed, an order was made directing the examiner to open the ballot boxes and examine the ballots cast by the illegal voters. The examiner reported that of the illegal ballots cast thirty-six were not found in the ballot boxes. The court thereupon on October 10, 1900, made a further order directing the commissioner to summon before him all persons whose names appeared on the list of voters as having voted at the election and whose ballots could not be found, for the purpose of testifying for whom they voted. On November 13, 1900, this order was amended so as to direct the examiner to count all the ballots in the ballot boxes, and report for whom they were cast.

The examiner subsequently reported that a majority of the votes were cast for John Brogan and for Thomas McAndrew for school directors. Subsequently Lyons and Smith filed exceptions to the report, and also filed a petition that the report be recommitted to the examiner to take further testimony. On the exceptions and petition Halsey, J., filed the following petition:

This case has been before us several times prior to the exceptions, now here for disposition upon a supplementary report of the commissioner and examiner. The election which is contested was held upon the third Tuesday of February, 1899, and the officers against whom the contest is now instituted and pending, assumed the duties of their office on the first Monday

of June, 1899. It is now nearly two years since the election was held, and more than one year and six months since the officer's term began as school directors for the said school district. The exceptions that we are now acting upon, are based upon a petition presented to the court on December 10, 1899, by Peter E. Lyons, in which it is asked that the final report of the commissioner and examiner be recommitted to him to take additional testimony covering specific allegations of unlawful acts in the election contested, and that an investigation of such allegations would show facts that would cause a change of the result as reported by the examiner.

We have examined these allegations in the nature of exceptions and find that they cover suggestions that ought to have been the subject of investigation by the examiner before the coming in and filing of his report. As to all of these questions, the respondent has had his day before the examiner, and therefore we must conclude that he has been fully and finally heard upon them. From an investigation of the report of the commissioner and examiner, to a very large extent, the investigation has covered the items now suggested by the exceptions, and if the investigation was still further pursued by the examiner it would be wholly upon lines that have hitherto been followed in this almost interminable hunt for reasons to sustain the contention of the petitioners upon one side, and the respondents upon the other, and further, we are inclined to accept the suggestion of the examiner and commissioner when he says: " While it might be possible that the result reached by the examiner would be changed if all of the voters of the missing ballots were called and would testify that they voted for the same candidates for school directors, still in the light of the experience we have had in this case, where so many had forgotten for whom they voted and others moved away, such a result would not be at all probable. Added to this, the legal objection which might be raised as to whether a voter could be compelled to disclose for whom he voted, not first having been declared an illegal voter, the examiner is led to report what he has already said, that this contest be not further continued and so recommends."

As to the formal exceptions filed on December 15, 1900, we cannot hold that there was no evidence to impeach the returns of election boards, because from the examination made of the

ballot boxes, the returns, the tally sheets and the ballots therein contained, and of the other competent evidence submitted to the examiner, it appears that if there was no fraud in the conduct of the election, then the election was very carelessly, if not illegally, conducted, and for these reasons, the commissioner and examiner was justified in making up the figures of his report as he did. The formal exceptions are overruled, together with the exceptions filed upon December 10, 1900, in the form of a petition of Peter E. Lyons, and the report of the examiner filed upon December 10, 1900, is finally confirmed. Counsel is directed to prepare a formal decree carrying out the recommendations of the commissioner and examiner in his report.

Now, January 7, 1901, whereas the exceptions to the final report of the commissioner and examiner appointed in this case were dismissed, and the final report of the said commissioner and examiner was confirmed absolutely by the court this day;

And whereas in said report it was found by the commissioner and examiner that at the election held in the township of Wilkes-Barre, Luzerne county, on the third Tuesday of February, 1899, there were cast for John Brogan for the office of school director one hundred and sixty-one legal votes; that there were cast for Thomas McAndrew for the office of school director one hundred and thirty-six votes; that there were cast for William Smith for the office of school director one hundred and six legal votes; that there were cast for Peter E. Lyons for the office of school director ninety-four legal votes, and that there were cast for Peter Buczar for the office of school director eighteen legal votes:

Therefore, after consideration and for the reason set forth in the final report of the commissioner and examiner and in the opinion this day filed, it is ordered, adjudged and decreed as follows :

1. That John Brogan and Thomas McAndrew having respectively received a majority of at least fifty-five and thirty votes more than William Smith and Peter E. Lyons, their competitors, the respondents, of the legal votes polled for school directors in Wilkes-Barre township at the election held in said township on the third Tuesday of February, 1899, are hereby declared to be duly elected to the said offices of school directors of Wilkes-Barre township for the term beginning on the first

Monday of June, 1899, and, when they shall have taken the oath of office, shall have and exercise all the rights and powers belonging to the said offices of school directors of said Wilkes-Barre township, and that, thereupon, the said William Smith and Peter E. Lyons shall no longer exercise any of the rights, powers and duties of the said offices of school directors of Wilkes-Barre township.

2. That the said Wilkes-Barre township school district shall pay the cost of this proceeding.

*Error assigned* was the order of the court.

*E. F. McGovern*, for appellants.

*A. C. Campbell*, for appellees.

PER CURIAM, May 27, 1901:

We are satisfied from an examination of this case that the decree entered by the learned judge of the court below is in accord with the facts as found, and should be sustained. We therefore affirm the decree and dismiss the specifications of error.

Decree affirmed.